UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **EULA CLARK** | : | **CASE NO. 1:22-cv-04378** |
| **VERSUS** | : | **JUDGE DEE D. DRELL** |
| **UNITED SERVICES AUTOMOBILE ASSOCIATION, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court are two motions: *USAA's Federal Rule of Civil Procedure 12(b)(1) Motion to Dismiss* [doc. 26] and *Plaintiff's Motion for Leave to File First Supplemental and Amending Complaint* [doc. 22]. Both motions have been opposed, are ripe for ruling, and have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

The motion to dismiss asserts that this court has no subject matter jurisdiction over this diversity case because the original plaintiff, a Louisiana citizen, shares citizenship with the sole original defendant, United Services Automobile Association. The plaintiff's motion to amend acknowledges that the complaint names the wrong USAA entity and seeks leave to amend the complaint to correct what is described as a misnomer.

After careful consideration of the motions, the responses and replies thereto, and the applicable law, and for the reasons that follow, **IT IS RECOMMENDED** that the motion to dismiss [doc. 26] should be **GRANTED** and this matter **DISMISSED WITHOUT PREJUDICE**

for lack of subject matter jurisdiction. It is further **RECOMMENDED** that plaintiff's motion for leave to amend [doc. 22] should be **DENIED**.

# I.
## Background

Plaintiff brought this diversity action against United Services Automobile Association ("USAA") on August 25, 2022. Doc. 1. The complaint alleges that USAA issued a policy of insurance providing coverage for damage to plaintiff's property in Lecompte, Louisiana, caused by Hurricanes Laura and Delta on or about August 27, 2020, and October 9, 2020, respectively. Doc. 1. The complaint alleges that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are of diverse citizenship. The complaint further alleges that plaintiff is a citizen of Louisiana, and that USAA is a citizen of Texas. Doc. 1, p. 1–2.

The complaint was filed on plaintiff's behalf by attorneys associated with McClenny Moseley & Associates, PLLC ("MMA"), all of whom have since been temporarily suspended from practice in this district. Doc. 13. After identifying numerous irregularities in hurricane-related lawsuits filed by MMA, the district judge stayed this and similar litigation on October 21, 2022. Doc. 4. After the undersigned lifted the litigation stay [doc. 17], plaintiff's new counsel filed the Motion for Leave to file First Supplemental and Amending Complaint that is now before the court. Doc. 22. USAA filed a notice of opposition to the motion for leave [doc. 23] and filed the motion to dismiss that is now before the court. Doc. 26. Both motions have been fully briefed and are ripe for resolution. Docs. 29, 30, 31, 32.

## II.
### THE PARTIES' ARGUMENTS

Both parties acknowledge that plaintiff misnamed her insurer in the original complaint against USAA and that a separate but affiliated entity is plaintiff's insurer. Docs. 22, 26. The parties disagree about whether this error may be corrected through amendment.

**A. Defense arguments favoring dismissal**

USAA argues that this court had no subject matter jurisdiction over this matter from its inception, and that the court therefore lacks authority to grant plaintiff's motion for leave to amend. Doc. 26, att. 1, pp. 3–4. It argues, and the court agrees, that multiple federal courts have held that USAA is a reciprocal insurance organization that has members in all 50 states, and therefore is a citizen of Louisiana for diversity purposes. Doc. 26, att. 1, p. 3; *see, e.g.*, *Fields v. Progressive Cas. Ins. Co.*, No. 21-477, 2022 WL 324028, at *3 (M.D. La. Jan. 18, 2022). USAA reasons that because there is no diversity of citizenship over the original dispute between plaintiff and USAA, there can be no jurisdiction to allow amendment. Defendant also argues that amendment would be futile because of the running of prescription, but because we recommend dismissal on jurisdictional grounds, we do not address that issue.

**B. Plaintiff's arguments favoring amendment**

Under Rule 15 of the Federal Rules of Civil Procedure, courts are instructed to grant leave to amend when justice so requires, and plaintiff argues that the interests of equity and justice favor allowing amendment here. Fed. R. Civ. P. 15(a); doc. 30. The motion asks the court to "remove[] United Services Automobile Association as a defendant and substitute[] in its place USAA Casualty Insurance Company and/or USAA General Indemnity Company." Doc. 22, p. 2. Plaintiff argues that the original complaint merely misnamed the insurer. Doc. 30, p. 2. Plaintiff cites to cases in which courts allowed correction of a misnamed plaintiff, discussed below. *Id.*

## III.
### ANALYSIS

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. Fed. R. Civ. P. 12(b)(1). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1675 (1994)). There is no basis for federal question jurisdiction in this case because plaintiff raises only state-law claims. *See* 28 U.S.C. § 1331. As for diversity jurisdiction under 28 U.S.C. § 1332, plaintiff must show complete diversity of citizenship and an amount in controversy greater than $75,000, exclusive of interest and costs. Complete diversity means that each plaintiff must have different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). In other words, the court cannot exercise jurisdiction if any plaintiff is a citizen of the same state as any defendant. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Diversity of citizenship must be judged at the time the action commences. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 124 S. Ct. 1920, 1925–26 (2004). In this case, the only parties at the time the action commenced shared Louisiana citizenship and were therefore not diverse. The lack of diversity jurisdiction cannot be remedied by amendment of the complaint because amendment cannot be used to "retroactively create jurisdiction." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 890 (5th Cir. 2000).

The United States Court of Appeals, Fifth Circuit, has repeatedly cautioned that actual defects in jurisdiction cannot be cured through amendment. "Essentially, a plaintiff may correct the complaint to show that jurisdiction does in fact exist; however, if there is no federal jurisdiction,

it may not be created by amendment." *Id.* at 888 (quoting Moore et al., Moore's Federal Practice § 15.14[3], at 15–34 (3d ed. 1999)).  In a case in which a corporate plaintiff attempted to amend its complaint to substitute an affiliate as plaintiff, the Fifth Circuit agreed with the district court that the amendment was without effect because "if the court did not have jurisdiction at the time the suit was filed, it had no jurisdiction over the amended complaint." *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 773 (5th Cir. 1986).  The same reasoning applies here.

Plaintiff argues that the naming of USAA as the original defendant was a mere misnomer, and that courts should grant leave to correct misnomers.  Doc. 30.  But the cases to which plaintiff cites do not involve the jurisdictional defect affecting this case.  *See Roberts v. Michaels*, 219 F.3d 775, 779 (8th Cir. 2000) (granting leave to amend where plaintiff misnamed defendant-employer, but timely served the complaint on its president and general manager, such that the employer received actual notice of the suit); *Grandey v. Pac. Indem. Co.*, 217 F.2d 27, 28–29 (5th Cir. 1954) (overturning a judgment dismissing an appeal of an administrative decision as untimely, where plaintiff incorrectly named the defendant but "[t]he mistake in name did not mislead or cause any prejudice to the [defendant]").  In fact, in one of those cases, the court notes that the case does ***not*** involve the very situation before the court now: "the question of substituting a new party for an actually existing party defendant." *Grandey*, 217 F.2d at 29.

We emphasize that this is not a matter of merely curing defective jurisdictional *allegations*, which would be permitted by amendment.  *Whitmire*, 212 F.3d at 888 (holding that, where diversity of citizenship existed from the inception of the litigation, and plaintiffs' claims supporting federal question jurisdiction were dismissed, the failure to allege diversity jurisdiction at the outset was curable through amendment).  Nor does this case involve the principal the Supreme Court recognized in *Caterpillar Inc. v. Lewis*, 117 S. Ct. 467, 471–75, 477 (1996), in

which an unrecognized jurisdictional defect was cured before trial and judgment by dismissing the non-diverse defendant. *See also 16 Front St., L.L.C. v. Mississippi Silicon, L.L.C.*, 886 F.3d 549, 556 (5th Cir. 2018).

Rather, the instant case involves an attempt to amend to replace the sole, non-diverse defendant with a diverse defendant. "[W]hen a federal court lacks jurisdiction over the original complaint, as is the instant situation, the Federal Rules of Procedure do not allow the addition of a new party to create jurisdiction." *United States v. U.S. Fid. & Guar. Co.*, 959 F. Supp. 345, 347 (E.D. La. 1996) (finding federal statute under which plaintiff sued inapplicable and denying request to amend to cure jurisdictional defect); *but see Gilbert v. United Servs. Auto. Ass'n.*, No. 07-5278, 2008 WL 696208, at *3 (E.D. La. Mar. 13, 2008) (distinguishing *U.S. Fid. & Guar. Co.* and discerning basis to exercise supplemental jurisdiction over claims against USAA, where an amended complaint stated federal question claims against another USAA entity).

## IV.
### CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the defendant's motion to dismiss [doc. 26] should be **GRANTED** and this matter **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. It is further **RECOMMENDED** that plaintiff's motion for leave to amend [doc. 22] should be **DENIED** as **MOOT** because, having no jurisdiction over the original complaint, the court has no authority to grant leave to amend it.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 29th day of December, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE